

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| KIM MOLOCK, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 13CV2892 |
| | ) |
| AMERICAN CREDIT ACCEPTANCE LLC | ) |
| | ) |
| Defendant. | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant American Credit Acceptance LLC ("ACA"), hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland. As grounds for removal, ACA states as follows:

## BACKGROUND

1. On or about August 1, 2013, Plaintiff Kim Molock ("Plaintiff") filed a Complaint ("Complaint") against ACA in the Circuit Court of Maryland for Baltimore County (the "State Court Action"). A copy of the Complaint in the State Court Action is attached hereto as **Exhibit 1**. The State Court Action was assigned case number 03-C-13-008682 OC.

2. In her Complaint, Plaintiff alleges that the repossession process implemented by ACA regarding Plaintiff's vehicle was improper. As such, Plaintiff contends that ACA is in violation of the: (i) Virginia Consumer Protection Act (Count I); (ii) the Uniform Commercial Code (Count II) and (iii) the Fair Credit Reporting Act (Count III).

3. ACA was served with the Complaint via certified mail on September 3, 2013.

## DIVERSITY

4. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5. Plaintiff seeks a judgment in excess of $75,000.00 against ACA. *See* Complaint, Prayer for Relief. This amount in controversy clearly exceeds the $75,000.00 threshold for diversity jurisdiction.

6. Plaintiff is a citizen of the state of Maryland for purposes of diversity jurisdiction. *See* Complaint at ¶ 2.

7. ACA is a South Carolina limited liability company with its principal place of business located at 961 E. Main Street, Spartanburg, South Carolina 29302. Because Plaintiff is a citizen of Maryland, complete diversity exists in this action.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(2) and 1441(a) because the United States District Court for the District of Maryland, Baltimore Division is the federal judicial district and division embracing the state court in which this action was originally filed.

## FEDERAL QUESTION

9. This action is also removable pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act, which is a federal statute codified at 15 U.S.C. § 1681 *et seq.*

## PROCEDURAL COMPLIANCE

10. Removal of this action is timely. 28 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

for relief upon which such action or proceeding is based." *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (deadline to remove runs from the date on which the defendant is first served with a copy of the summons and complaint). In this case, ACA was served with the Complaint on September 3, 2013. This Notice of Removal is being filed with the Court on October 1, 2013, *i.e.*, within 30 days after ACA was served with the Complaint.

11. Attached to this Notice of Removal as Exhibit 1 is a copy of Plaintiff's Complaint, along with the exhibits accompanying the Complaint, the summons issued to ACA, Plaintiff's Motion for Special Admission of Out-of-State Attorney Under Rule 14 of the Rules Governing Admission to the Bar of Maryland ("Pro Hac Vice Motion") and Plaintiff's First Set of Interrogatories and Request for Production of Documents to ACA (collectively, referred to as "Discovery"). The Complaint, exhibits, summons, Pro Hac Vice Motion and Discovery are the only "process, pleadings or orders" received by ACA in this action to date. *See* 28 U.S.C. § 1446(a).

12. ACA is serving upon Plaintiff contemporaneously with this filing a copy of this Notice of Removal.

13. This Notice is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

14. No other defendants have been named in this action.

15. ACA will also file with the Clerk for the Circuit Court for Baltimore County a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d).

16. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(a). Accordingly, this action is properly removed to this Court.

17. In removing this action to federal court, ACA expressly reserves, and does not

waive, any and all rights and defenses that it has or may have.

18. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and this matter may be removed to this Court under 28 U.S.C. §§ 1441, 1446.

WHEREFORE, Defendant ACA hereby gives notice that the state court action is removed to this Court.

October 1, 2013

Respectfully submitted,

*Jessica H Sadler/mm*

John D. Sadler (Bar No. 16421)
Jessica Hepburn Sadler (Bar No. 17722)
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Floor
Bethesda, Maryland 20814
Telephone: (202) 664-6200
Facsimile: (202) 664-6299
sadlerj@ballardspahr.com
sadlerjh@ballardspahr.com
*Attorneys for Defendant American Credit Acceptance, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of October, 2013, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following:

Jane Santoni, Esquire
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204

Thomas D. Domonoske
461 Lee Avenue
Harrisonburg, Virginia 22802

*Attorneys for Plaintiff*

_____
Jessica Hepburn Sadler